IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 5 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01000-BNB

JONATHAN NELSON,

    Plaintiff,

v.

TWO UNKNOWN NAMED ARAPAHOE COUNTY SHEREFF [sic] DEPUTY'S [sic], and MEDICAL STAFF,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jonathan Nelson, currently is incarcerated at the Arapahoe County Detention Facility in Englewood, Colorado. He has filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Nelson is representing himself. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon*,** 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See *Hall*,** 935 F.2d at 1110. For the reasons stated below, Mr. Nelson will be ordered to file an amended complaint.

Mr. Nelson alleges that he ingested methylenedioxymethamphetamine (MDMA), commonly known by the street name "Ecstasy," on October 5, 2007, before being booked into the Arapahoe County Detention Facility. He further alleges that he became

extremely ill, informed two unnamed sheriff's deputies that he had taken MDMA, and then lost control of his bowels and began to sweat and shake uncontrollably. He asserts that the deputies told him they would inform the medical department, placed him in a cell, and twenty-one hours later after he had been booked properly he was allowed to see a nurse, who diagnosed his medical problems as flatulence and cleared him for placement in a pod. He further asserts that forty-eight hours later he was discovered in his cell, barely conscious, chocking on his own blood and vomit. He contends that he was rushed to a hospital, diagnosed as having suffered bladder damage and lymphoma against his spinal column from the delay in obtaining medical treatment. On the basis of these allegations, he argues that Defendants were deliberately indifferent to his serious medical needs.

In order for Mr. Nelson "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Nelson must allege exactly what each Defendant did to violate his constitutional rights and which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Nelson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged

2

constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Nelson may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Nelson uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Simply naming "Medical Department" as a Defendant is insufficient. Any additional information Mr. Nelson can provide about the two Defendant sheriff's deputies, such as badge numbers, also would be helpful for purposes of service. Accordingly, it is

ORDERED that Mr. Nelson file **within thirty (30) days from the date of this order** an amended complaint as discussed in this order that alleges Defendants' personal participation in the alleged constitutional violations and provides sufficient information about each Defendant for purposes of service. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

3

FURTHER ORDERED that the clerk of the Court mail to Mr. Nelson, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Nelson fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 5, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01000-BNB

Jonathan Nelson
Reg. No. 0714095
Arapahoe County Detention Facilities
PO Box 4918
Englewood, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/5/08

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                        Deputy Clerk